UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTOANETA MINTCHEV
and TORION SELLERS, Individually
and on behalf of all others similarly situated,

Case No:

Plaintiffs,

v.

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC,

Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

Antoaneta Mintchev and Torion Sellers (referred to hereafter collectively as "Plaintiffs") individually and on behalf of all others similarly situated bring this collective action for violations of the Fair Labor Standards Act ("FLSA") and state as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, et seq.

2. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because the Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### PARTIES

3. Plaintiff Mintchev is a resident of the State of Georgia over the age of 18.

4. Plaintiff Mintchev began her employment with Defendant on July 23, 2012 and

continues her employment with Defendant.

5.   Plaintiff Sellers is a resident of the State of Georgia over the age of 18.

6.   Plaintiff Sellers was been employed by Defendant from August 11, 2014 until January 1, 2015.

7.   Defendant is a Georgia corporation with its principal place of business located at 5445 Triangle Parkway, Suite 400, Norcross, Georgia, 30092.

8.   Plaintiffs and those similarly situated are current and former employees of Defendant within the meaning of the FLSA, and Defendant employed them within three years of the date this Complaint was filed.

## FACTUAL ALLEGATIONS

9.   Defendant is a public traded company that has annual revenues that exceed $500,000.00 per annum.  Defendant employs inside sales representatives upwards of one thousand or more working in multiple offices selling gas cards to businesses.

10.  Defendant provides fuel cards and workforce payment products to businesses, commercial fleets, oil companies, petroleum marketers and government entities throughout the United States.  Defendant acquired the NEXTRAQ business, owned by Discrete Wireless, Inc., to sell GPS units and tracking services for commercial and government vehicle fleets.

11.  At all times relevant to this Complaint, Plaintiffs and those similarly situated worked for Defendant as inside sales representatives from within Defendant's office.

12.  Plaintiffs and those similarly situated worked for hourly wages in addition to commissions based on their sales numbers.

13.  Plaintiff Mintchev is paid $14.42 per hour plus commissions.

14.  Plaintiff Sellers was paid $16.83 per hour plus commissions.

--Feldman Law Group, P.A. | 1715 N. West Shore Blvd. | Suite 400 | Tampa | FL | 33607 | P: (813) 639-9366--

15. Plaintiffs, and those similarly situated worked over forty hours routinely and with Defendant's knowledge and behest throughout their employment with Defendant.

16. Defendant, through its managers, encouraged Plaintiffs and those similarly situated to work as many hours as necessary to meet sales production numbers.

17. Initially, there was no time tracking methods used by the Defendant to track time worked by Plaintiffs and those similarly situated.

18. Later, Defendant introduced a paper-based time tracking system. Plaintiffs and all sales representatives were required to fill in blank spaces on timesheets provided by the Defendant.

19. However, Defendant's managers instructed Plaintiffs, and all other similarly situated sales representatives, not to put the true number of hours they worked on the paper timesheets. Instead, Plaintiffs and those similarly situated were told by Defendant's managers to place eight (8) hours worked per day, regardless of the number of hours worked; thus creating a de facto policy of working off the clock.

20. During the entire time Plaintiffs and those similarly situated worked for Defendant, Defendant knew that the inside sales representatives were working overtime and also working off the clock.

21. Defendant's managers observed Plaintiffs and those similarly situated working overtime within the offices of Defendant.

22. Plaintiffs and all similarly situated inside sales representatives, accessed electronic and computer systems, telephone, and emails, which would, if produced, help reflect the true hours that they worked.

23. At all times material to this Complaint, Defendant failed to compensate Plaintiffs

--Feldman Law Group, P.A. | 1715 N. West Shore Blvd. | Suite 400 | Tampa | FL | 33607 | P: (813) 639-9366--

and all similarly situated inside sales representatives for overtime hours worked.

24.     Defendants are currently litigating a collective action, a case with substantially similar claims in the United States District Court for the Northern District of Georgia, *Miller v. FleetCor Technologies Operating Company*, case number 1:13-CV-2403.

25.     Plaintiffs are not part of the collective class that was certified in the *Miller* case.

26.     The *Miller* Court has already heard and denied a motion for decertification.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs submit that there are others, similarly situated to themselves, who were denied overtime wages and who are not part of the *Miller* collective action case

28.     Upon information and belief, the class size during the relevant class period is upwards of 2,000 employees.

29.     Plaintiffs bring this suit on behalf of themselves and all others similarly situated and propose the following collective description:

> All persons who perform(ed) work for Defendant as inside sales representatives, at any of its offices, under any title, at any time within three years of the filing of this Complaint or who are currently employed by Defendant and who are not part of the *Miller* collective class in *Miller v. FleetCor Technologies Operating Company* 1:13-CV-2403 (N.D. Ga. 2013).

## COUNT 1
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

30.     Plaintiffs re-allege and incorporate by reference all above paragraphs as if fully set forth herein.

31.     The FLSA requires employers to pay employees wages at a rate no less than one-

--Feldman Law Group, P.A. | 1715 N. West Shore Blvd. | Suite 400 | Tampa | FL | 33607 | P: (813) 639-9366--

and-a-half times their regular hourly rate of pay for all hours worked in excess of forty hours in individual work weeks. 19 U.S.C. § 207.

32. Defendant is an "employer" of Plaintiffs and those similarly situated within the meaning of the FLSA.

33. Defendant is an "enterprise" as defined by the FLSA and engaged in interstate commerce.

34. Plaintiffs and those similarly situated worked more than forty hours in the workweeks going back three years from the filing of this Complaint and did not receive overtime compensation for all of the overtime hours worked.

35. Plaintiffs and those similarly situated are not exempt employees under the FLSA or other Federal rules and regulations.

36. Defendant has willfully violated the FLSA and is liable for wages for a three year period of time preceding the filing of this complaint.

37. Defendant did not make a good faith effort to comply with the FLSA and owes Plaintiffs and those similarly situated, liquidated damages, and an equal sum of all wages owed.

38. Defendant knew that the Plaintiffs and those similarly situated were working overtime hours and willfully refused to pay Plaintiffs and all similarly situated inside sales representatives, overtime pay at one and a half time their regular rate of pay for all overtime hours worked.

39. Defendant also has failed to pay overtime at the proper rate of one and one half time the employees' regular rate of pay including the value of all commissions and bonuses earned.

40. Because of these unlawful pay practices, Plaintiffs and those similarly situated

--Feldman Law Group, P.A. | 1715 N. West Shore Blvd. | Suite 400 | Tampa | FL | 33607 | P: (813) 639-9366--

have suffered lost wages and damages.

WHEREFORE, Plaintiffs and those similarly situated request from this Court:

a. An order certifying this as a collective action;

b. Appointment of the Plaintiffs as class representatives;

c. Appointment of the undersigned as attorney of record for the collective class;

d. Authorization for the issuance of a notice to all similarly situated former and current inside sales representatives of Defendant not currently opted into the *Miller* action that appraises them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by the filing of individual consent to join forms;

e. Judgement finding Plaintiffs and those similarly situated are entitled to overtime pay at one and a half times their regular rate;

f. Judgement against the Defendant finding they violated the FLSA;

g. Judgement against the Defendant finding they acted in willfully and in bad faith;

h. Award of monetary damages for unpaid wages;

i. Award of monetary damages for liquidated damages under the FLSA;

j. Special award to Plaintiffs for service as class representatives;

k. Award of reasonable attorneys' fees, costs, and expenses;

l. Such other equitable or legal relief the Court should deem necessary and just.

Date: October 8, 2015

--Feldman Law Group, P.A. | 1715 N. West Shore Blvd. | Suite 400 | Tampa | FL | 33607 | P: (813) 639-9366--

Respectfully submitted,

FELDMAN LAW GROUP P.A.

*[signature]*

---

Mitchell L. Feldman, Esquire
Georgia Bar No.: 257791
FELDMAN LAW GROUP P.A.
1201 Peachtree Street
Colony Square, Suite 200
Atlanta, GA 30361
Tel: (813) 639-9366
Fax: (813) 639-9376
Email: mfeldman@ffmlawgroup.com
Secondary: rmassa@ffmlawgroup.com
            nsuarez@ffmlawgroup.com
Attorney for Plaintiffs